## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| OSCAR J. ROBERT, JR. | CIVIL ACTION |
| VERSUS | NO:  05-0575-GTP-SS |
| CENTRAL UNITED LIFE INSURANCE COMPANY | |

## ORDER

PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST SUPPLEMENTAL AND AMENDING COMPLAINT (Rec. doc. 14)

**GRANTED**

On or about January 11, 2005, the plaintiff, Oscar J. Robert, Jr. ("Robert"), filed a petition in state court against the defendant, Central United Life Insurance Company ("Central").  He alleged that:  (1) in June 1979, he purchased a policy of cancer insurance from Central's predecessor; (2) in January 2004, he was diagnosed with bladder cancer; (3) since then he underwent extensive medical treatment; (4) he timely submitted proofs of loss, medical bills and other documentation to Central; (5) Central was obligated to pay benefits based on actual charges, but instead it paid on adjusted charges; (6) Central arbitrarily breached the contract; and (7) he suffered damages.  Robert sought declaratory and injunctive relief, penalties and attorneys' fees.  The petition did not include

a demand for a jury. Rec. doc. 1.

On February 18, 2005, Central removed the petition to federal court and filed a motion for more definite statement. Rec. docs. 1 and 2. After the motion was denied, Central filed its answer on April 29, 2005 which did not include a jury demand. Rec. doc. 6. Central did not include a demand for a jury. On July 22, 2005, the District Court issued a scheduling order with a bench trial set for April 24, 2006. Rec. doc. 9. A deadline for amending pleadings was set, but Robert did not file an amendment within that deadline. On January 11, 2006, the trial was continued. Rec. doc. 11. A new scheduling order was entered with a bench trial set for November 2, 2006 and an April 17, 2006 deadline for amending pleadings. Rec. doc. 15. The day after the scheduling conference Robert sought leave to file a supplemental and amending complaint, which included a demand for a jury. Rec. doc. 14. Central does not oppose the amendment to the complaint, but contends that Robert should not be permitted to assert a demand for a jury.

The amended complaint includes the following new allegations: (1) the cancer spread to other parts of Robert's body; (2) treatment continues; (3) he continues to submit medical records and other documents; (3) Central continues to deny payment for some of the benefits due him; (4) Central continues to pay adjusted as opposed to actual charges; (5) Central continues to arbitrarily breach the contract; and (6) Robert continues to suffer damages. Rec. doc. 14.

1. Fed. R. Civ. P. 81(c).

Pursuant to Rule 81(c), Robert was required to file a demand for a jury trial within ten days of the service of the notice of removal. Id. and see Hogue v. United Olympic Life Insurance Company, 39 F.3d 98, 102 (5th Cir. 1994), and Farias v. Bexar County Bd. of Trustees for Mental

Health Mental Retardation Services, 925 F.2d 866, 873 (5th Cir. 1991).  Robert did not comply with Rule 81(c), but this does not end the inquiry.

2.   Fed. R. Civ. P. 38(b).

Robert argues that his jury demand is timely under Rule 38(b).  In Avondale Industries, Inc. v. Tyco Valves and Controls, Inc., 2003 WL 21634587 (E.D.La.) (Fallon, J.), the District Court stated:

> Rule 38(b) requires that a party seeking a jury trial file his demand no later than 10 days after the service of the last pleading directed to such issue.  [A]n issue is raised only once for purposes of Rule 38; that is, when it is introduced for the first time.  The term "new issues" refers to factual issues not new legal theories of recovery.  New issues are not raised unless they are in any material way different from those presented by the original answer.

Id. at *2 (Citations and quotation marks omitted).  The District Court quoted the following definition of "new issues" from In re N-500L Cases, 691 F.2d 14 (1st Cir. 1982):

> One issue is the same as another when it is based on the same conduct or concerns the same general area of dispute. If the factual allegations underlying two claims are the same or if the issues turn on the same matrix of facts the issues are the same. It is both the similarity of facts and the similarity of the matrix-the legal framework in which facts are analyzed-that make issues the same. On the other hand, slight modifications in facts or in the legal theories presented will not usually render issues different.

2003 WL 21634587 at *2.  Under this definition Robert's amended complaint does not raise any new issues.  It merely alleges that the conduct described in the original petition continues.  Although Robert's amended complaint was timely under the scheduling order, the jury demand was not timely under Rule 38(b).

3

3.	Fed. R. Civ. P. 39(b).

Rule 39(b) provides that "notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by jury of any or all issues." Fed. R. Civ. P. 39(b). The purpose of the rule is to allow a trial court to use its discretion in unique situations which call for them where, nevertheless, the requisites of Rule 38 have not been met." Pinemont Bank V. Belk, 722 F.2d 232, 237 (5th Cir. 1984). Rule 39(b) is also available where the requisites of Rule 81(c) were not met. Farias, 925 F.2d at 873. The Fifth Circuit determined that five factors described by the Eleventh Circuit should be considered in the exercise of discretion under Rule 39(b). See Daniel International Corporation v. Fishbach & Moore, Inc., 916 F.2d 1061 (5th Cir. 1990), citing Parrott v. Wilson, 707 F.2d 1262, 1267 (11th Cir. 1983), cert. denied, 464 U.S. 936, 104 S.Ct. 344 (1983). The five factors are:

a.	whether the case involves issues which are best tried to a jury;

b.	whether granting the motion would result in a disruption of the court's schedule or that of an adverse party;

c.	the degree of prejudice to the adverse party;

d.	the length of the delay in having requested a jury trial; and

e.	the reason for the movant's tardiness in requesting a jury trial.

Daniel, 916 F.2d at 1064. The Fifth Circuit stated:

> When the discretion of the court is invoked under Rule 39(b), the court should grant a jury trial in the absence of strong and compelling reasons to the contrary. A motion for trial by jury under this rule should be favorably received unless there are persuasive reasons to deny it.

Id.[1]

The issues raised by Robert's suit against his medical insurer are the types of issues that are tried by juries. In Daniel, the Fifth Circuit found that the operative issues in a contract dispute involving extensive documentation were well within the comprehension of a jury. 916 F.2d at 1064. The case is not set for trial until November 2, 2006, so there will be no disruption to the District Court's calendar if it is tried with a jury. Central will not be prejudiced. Robert reports that little discovery has been conducted and no depositions have been taken. In Avondale Industries, Judge Fallon commented that [t]he format in which counsel take a deposition in anticipation of a bench trial as opposed to a jury trial differs." 2003 WL 21634587, at *5. This factor was significant in his determination that the defendant would be prejudiced by the jury demand. This factor is not present with Robert's jury demand. The jury demand comes more than a year after the petition was filed, but part of this delay must be attributed to Hurricane Katrina and its after effects. In this context the delay is not significant.

The final factor is the reason for Robert's tardiness in requesting a jury trial. Robert does not offer an explanation. In the face of his silence, it must be concluded that Robert's failure to act more promptly resulted either from inadvertence or a change in strategy. In Sartin v. Cliff's Drilling Co. 2004 WL 551209, *2 (E.D.La.) (Vance, J.), the District Court exercised its discretion under Rule 39(b) and ordered a trial by a jury of all issues in the case. The District Court stated:

The Seventh Amendment confers a fundamental right to a jury trial in federal court,

---

[1] Robert has not asserted his motion under Rule 39 and Central did not raise the Rule in its opposition. Robert's motion will be treated as a request to invoke Rule 39(b). There is no reason to delay the matter by allowing Robert to submit a new motion on Rule 39(b).

> and therefore when the discretion of the court is invoked under Rule 39(b), the court should grant a jury trial in the absence of strong and compelling reasons to the contrary. On the other hand, the Fifth Circuit has consistently held that it is not an abuse of discretion to deny a motion under Rule 39(b) when the failure to make a timely jury demand was the result of mere inadvertence on the part of the movant. [T]he Court finds no strong and compelling reason to deny plaintiff a jury trial in this matter. Plaintiff's fundamental right to a jury trial, in conjunction with the lack of discernable prejudice to the defendants or disruption of the Court's schedule, outweighs the plaintiff's failure to make a jury demand as a result of counsel's inadvertence.

Id. at *2 (Citations and quotation marks omitted). In the circumstances presented by Robert and Central, the District Court's reasoning in Sartin v. Cliff's Drilling is persuasive. Robert's motion will be granted.

IT IS ORDERED that Robert's motion for leave to file first supplemental and amending complaint (Rec. doc. 14) is GRANTED.

New Orleans, Louisiana, this 17th day of April, 2006.

**SALLY SHUSHAN**
**United States Magistrate Judge**